## THE PENNSYLVANIA COMPANY

### *v.*

### THOMAS RUDEL.

*Filed at Ottawa November 10, 1881.*

1. CONTINUANCE—*for new counsel to prepare for trial.* Where the defendant's counsel, on the 16th day of the month, withdrew from the case, and on the same day other counsel were retained, who moved for a continuance to enable them to prepare for trial, which was refused, and the trial did not take place until the 23d of the same month, it was *held,* there was no abuse of discretion in denying the motion, calling for a reversal.

2. JUROR—*inquiry as to competency.* A question to jurors asking them to state briefly their idea of the duties of a juror, with a view of ascertaining whether they were men of sound judgment and well informed, is not proper for that or any other purpose.

3. ERROR WILL NOT ALWAYS REVERSE—*as to admission of evidence.* A mere technical error in the admission of evidence of an unimportant character is no ground for reversal.

4. PLEADING AND EVIDENCE. Evidence of what a flagman of a railroad company said and did at the time and just before a person about to take passage on a train was struck by another train passing on another track at a rapid speed, is pertinent in an action to recover for the injury, under an allegation that the company failed to keep a flagman at the spot to signal and warn of the approach of impending danger. Such allegation means more than that there was no flagman employed there.

5. INSTRUCTIONS—*one given by the court of its own motion may supersede others asked.* Where the court gives an instruction of its own in place of others refused, which fairly states the law of the case, the party asking those refused will have no cause of complaint.

6. NEGLIGENCE—*instruction as to negligence of the plaintiff.* Under peculiar circumstances going to excuse the plaintiff from taking the usually necessary precautions to avoid danger, an instruction in a suit to recover for a personal injury from a passing train at the intersection of the track with a street crossing, that if the plaintiff knew of the existence of the track at the place of the injury, and that trains frequently passed along the same, and could have looked for and seen, or have listened and heard, the approaching train before going upon the track, and did not thus look and listen for the train, and that by reason of such neglect he failed to avoid the injury, may be properly refused, although ordinarily such an instruction should be given.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WILLARD & DRIGGS, for the appellant:

1. The court having allowed appellant's counsel to withdraw their appearance, reasonable time should have been given in which other counsel could, in the usual course of business, prepare for trial. *Jarvis* v. *Shacklock*, 60 Ill. 378; *Gruff* v. *Brown*, 85 id. 89.

2. The questions put to the jurors were proper, as a test of the soundness of their judgment and the extent of their information. Rev. Stat. 1874, chap. 78, sec. 2.

3. The court erred in permitting Dibbs to state whether the defendant's flagman had a flag, and generally what he was doing, and in allowing other witnesses to testify to the same facts. Such testimony was immaterial under the declaration which alleges negligence in not keeping and maintaining a flagman at Forty-third street, but makes no complaint of any misconduct of the flagman. The plaintiff can not aver negligence in one particular, and prove on the trial negligence in another. *Toledo, Wabash and Western Ry. Co.* v. *Jones*, 76 Ill. 311; *Toledo, Wabash and Western Ry. Co.* v. *Foss*, 88 id. 551; *Chicago and Alton R. R. Co.* v. *Michie*, 83 id. 427; *Chicago, Rock Island and Pacific R. R. Co.* v. *Todd*, 91 id. 70; *Illinois Central R. R. Co.* v. *McKee*, 43 id. 119; *Illinois Central R. R. Co.* v. *Godfrey*, 71 id. 500.

4. The court erred in refusing defendant's instruction directing the attention of the jury to the fact of the plaintiff's want of care in not looking and listening for the approaching train which struck him. It was his duty to ascertain, if he could, whether any train was coming, before going upon the track. *Chicago and Alton R. R. Co.* v. *Jacobs*, 63 Ill. 178; *Chicago, Burlington and Quincy R. R. Co.* v. *Lee*, 68 id. 576; *Hammer* v. *Railroad Co.* 72 id. 347; *Heth-*

*erington* v. *Railroad Co.* 83 id. 510; *Pennsylvania Co.* v. *Hankey,* 93 id. 580; *Chicago, Burlington and Quincy R. R. Co.* v. *Dewey, Admx.* 26 id. 255; *Chicago, Burlington and Quincy R. R. Co.* v. *Hazard,* id. 373; *Rockford, Rock Island and St. Louis R. R. Co.* v. *Coultas,* 67 id. 398; *Chicago and Northwestern Ry. Co.* v. *Cass,* 73 id. 394; *Chicago and Alton R. R. Co.* v. *Pondrom,* 51 id. 333; *Chicago and Northwestern Ry. Co.* v. *Sweeney,* 52 id. 325; *Western Union Telegraph Co.* v. *Quinn et al.* 56 id. 319; *Chicago, Rock Island and Pacific R. R. Co.* v. *Bell, Admr.* 70 id. 102; *Buckingham* v. *Fisher,* 70 id. 120; *Dimick, Admr.* v. *Chicago and Northwestern Ry. Co.* 80 id. 338; *Rockford, Rock Island and St. Louis Ry. Co.* v. *Byam, Admr.* 80 id. 528; *Chicago, Burlington and Quincy R. R. Co.* v. *Harwood,* 80 id. 88; *Illinois Central R. R. Co.* v. *Goddard, Admx.* 72 id. 567; *Illinois Central R. R. Co.* v. *Houck, Admr.* id. 285; *Toledo, Wabash and Western Ry. Co.* v. *McGinnis,* 71 id. 346.

5.    A plaintiff guilty of slight negligence contributing to the injury, may recover, if the defendant's negligence contributing to the injury was gross in comparison. *Illinois Central R. R. Co.* v. *Hammer,* 72 Ill. 347.

6.    Where the negligence of the plaintiff and defendant is equal, or where the defendant's negligence merely preponderates, no recovery can be had. *Aurora Branch R. R. Co.* v. *Grimes,* 13 Ill. 585; *Chicago, Burlington and Quincy R. R. Co.* v. *Lee, Admx.* 68 id. 576; *Rockford, Rock Island and St. Louis R. R. Co.* v. *Irish,* 72 id. 404; *Illinois Central R. R. Co.* v. *Goddard, Admx.* 72 id. 567.

7.    This court has uniformly held, that a person who knowingly goes upon a railroad track, regardless of the approach of trains thereon, is, as a matter of law, guilty of gross negligence. *Chicago and Northwestern Ry. Co.* v. *Sweeney,* 52 Ill. 325; *Chicago, Burlington and Quincy R. R. Co.* v. *VanPatten,* 64 id. 510; *Chicago, Burlington and Quincy R. R. Co.* v. *Lee, Admr.* 68 id. 576; *Chicago, Rock Island*

*and Pacific R. R. Co.* v. *Bell, Admx.* 70 id. 102; *Chicago, Rock Island and Pacific R. R. Co.* v. *Godfrey,* 71 id. 500; *Illinois Central R. R. Co.* v. *Goddard, Admx.* 72 id. 567; *Chicago and Northwestern Ry. Co.* v. *Donahue,* 75 id. 106; *Chicago, Burlington and Quincy R. R. Co.* v. *Harwood,* 80 id. 88.

8. There are no degrees of gross negligence, therefore a plaintiff who is guilty of gross negligence contributing to the injury, can not recover, unless the defendant has wantonly or willfully inflicted such injury. *Chicago, Burlington and Quincy R. R. Co.* v. *Van Patten,* 64 Ill. 510; *Same* v. *Lee,* 68 id. 576; *Illinois Central R. R. Co.* v. *Godfrey,* 71 id. 500; *Litchfield Coal Co.* v. *Taylor,* 81 id. 590; Shearman & Redfield on Negligence, sec. 36.

9. The approach of the train being visible, and proper warning signals having been given, the engineer had the right to suppose that those persons whom he saw standing alongside of the track would not go on the track, so as to get hurt. *Chicago, Rock Island and Pacific R. R. Co.* v. *Austin,* 69 Ill. 426.

Messrs. Monroe & Leddy, for the appellee:

1. It was not error to refuse the motion for a continuance. The trial was not until seven days after the withdrawal of counsel and the retainer of others, which afforded ample time to prepare for trial.

2. Appellee's duty required him to look for a safe footing, and the train he was about to get aboard. He had the right, under the law, to expect both that he would be warned of the approach of the train, and that it would be run at the rate of speed required by law. *St. Louis, Vandalia and Terre Haute R. R. Co.* v. *Dunn,* 78 Ill. 197.

3. The language used in the second instruction is too potential,—requires too much, and more than the law requires of the plaintiff. The words used are, if the plaintiff "could have looked for and seen the approach of the locomotive,"

etc.   It should have stated, if, by observing due and reasonable care, he could have looked for the locomotive, etc. Even if the plaintiff "could have looked," and even though his failure to look might be called slight negligence, but which, under the evidence, we insist could not be called negligence, there could still be a recovery if the appellant was reckless, or its negligence gross as compared with that of appellee; but the jury are told to find for the defendant if plaintiff "could have looked."

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action by Rudel, against the Pennsylvania Company, to recover for a personal injury sustained from the alleged negligent running of a passenger train on defendant's railroad.   There was a recovery by the plaintiff, which, on appeal, was affirmed by the Appellate Court for the First District, and defendant has appealed further to this court.

The evidence goes to show that at the intersection of Forty-third street and defendant's railroad, in the town of Lake, Cook county, Illinois, the defendant had a small depot or waiting room for passengers desiring to take passage on its trains at that point.   To the west of, and within three feet of, the entrance door of such waiting room, is a main side-track, and within less than eight feet west from said main side-track is a main track known as the east main track, upon which defendant moves its trains going in a north direction, and within less than eight feet west of such east main track is a main track known as the west main track, upon which defendant moves its trains going in a south direction.   Forty-third street runs east and west.   On a cold and dark night in February, 1880, plaintiff and five or six other persons were inside the depot waiting for the arrival from the north of what is called the dummy train of cars, upon which they were intending to take passage south for Englewood.   After waiting a few minutes, the dummy train

came up to the station, stopping there across Forty-third street. About that instant of time the agent of defendant in charge of the depot, and being also the flagman there, called out that the dummy had come, or was coming, and hurried the passengers out to take the train. They immediately started on Forty-third street to get aboard the train, and the plaintiff being the first, going ahead of the others, was almost immediately struck by the express passenger train, going north at a speed of from thirty to forty miles an hour, causing the injuries complained of.

On September 16 defendant's former attorneys withdrew from the cause, and on the same day other counsel was retained, and a motion, for that reason, was made for the continuance of the cause to the next term, to allow time for preparation for trial. The overruling by the court of this motion is assigned for error. The cause did not come on for trial until September 23. We see no abuse in the exercise of the discretion of the court in denying the motion, which calls for our interference.

To three of the jurors there was put by defendant's counsel this question: "State briefly your idea of the duties of a juror." The court sustained an objection to the question, and this is assigned for error. As the statute names that persons selected by the county board to serve as jurors shall be "of sound judgment and well informed," it is urged that the question was proper to test the soundness of judgment and extent of information of the jurors. The unnecessary protraction of jury trials has come to be a great evil, and one thing which contributes thereto is the needlessly long drawn out examination of jurors. The question was not proper with the view stated, nor for any purpose, and a court would fail of its duty, in the proper dispatch of business, to sit by and permit the consumption of its time by the putting of any such questions to jurors.

It is complained that the court erred in the admission and rejection of testimony.   Space would not allow the notice in detail of the very many objections under this head.   While in two or three instances there might, in strictness, be error in the ruling, it is of so unimportant a character that we may say, that in this respect of the admission and rejection of evidence we find no material error which should cause a reversal of the judgment.   The admitted testimony, excepted to, seems to have been hardly more than a description of the location and place, and what happened on the occasion and at the time of the accident.   The testimony in respect to the flagman is claimed to have been inadmissible under the declaration, as it only alleged in regard to him that defendant "failed to station, keep and maintain a flagman at said Forty-third street crossing, for the purpose of signaling persons traveling in the direction of said crossing, and warn them of the approach of any locomotive engine or other impending danger, contrary to the ordinance of the said town of Lake."   It is claimed that this allegation did not admit of proof of what the flagman did and said on the occasion, as it would be showing misconduct of the flagman, which the declaration does not allege.   We think the testimony as to the conduct of the flagman was pertinent, as proof of the allegation of the declaration that the company failed to keep a flagman at the spot, to signal and warn of the approach of impending danger,—that the allegation means more than merely that there was no flagman employed there.

It is complained that the court erred in instructing the jury, and in refusing to give instructions asked by the defendant.   The court gave some of the instructions asked by the defendant, and in place of others asked by defendant, and of all asked by plaintiff, gave, of its own motion, an instruction to the jury.   We think this instruction very fully and fairly gave the law of the case to the jury, leaving to the defendant no cause of complaint in that respect.

39—100 ILL.

One of the refused instructions asked by defendant was, that if plaintiff knew of the existence of defendant's east main track at the place of the injury, and that locomotives and trains frequently passed along the same going north, and that plaintiff, before he went upon said track, could have looked for and seen, or have listened for and heard, the approaching train by which he was injured, and that plaintiff did not thus look or listen, and that by reason thereof he failed to avoid the injury, then the jury should find for the defendant. It is insisted this instruction should have been given, in accordance with former decisions of this court upon the subject. Ordinarily such an instruction should be given, according to what this court has often laid down to be the rule in this respect; but under the special facts and circumstances of this case, we can not say that it was error to refuse the instruction. There was much in the peculiar circumstances of the case to go in excuse of the taking of such usually necessary precautions as are named in the instruction, before going upon a railroad track.

It is further insisted the damages are excessive. We do not see sufficient cause for the disturbance of the verdict of the jury for this reason.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Dickey: I concur in the decisions herein contained, but do not concur in all the reasons assigned in their support. As to the question of excessive damages, I regard that a question of fact which we can not lawfully determine, nor do I understand that it is intended here to pass upon that question, and so I object to the comment on that subject as liable to be taken as an intimation that we may have the lawful power to review the ruling on this question.