THE OMAHA, NIOBRARA & BLACK HILLS RAILROAD COMPANY, PLAINTIFF IN ERROR, V. JAMES O'DON-NELL, DEFENDANT IN ERROR.

1. **New Trial**: VERDICT SET ASIDE: NEW VERDICT. Where a cause is tried to a jury and their verdict is set aside and a new trial granted, and the second trial results in substantially the same verdict, upon which a judgment is rendered by the trial court, and for the reversal of which proceedings in error are prosecuted in the supreme court, a petition in error being also filed by defendant in error, by which he seeks to have judgment rendered on the first verdict, the action of the district court will

| 22 | 475 |
| 24 | 753 |
| 22 | 475 |
| 35 | 702 |
| 22 | 475 |
| 41 | 126 |
| 22 | 475 |
| 42 | 345 |
| 22 | 475 |
| 44 | 861 |
| 22 | 475 |
| 52 | 615 |
| 53 | 741 |

not be disturbed, it being apparent that the last verdict was sufficient to cover the damage proven on either trial.

2.  **Railroads:** NEGLIGENCE IN NOT GIVING SIGNALS. The failure of servants of a railroad company to give the statutory signals at a crossing when running at a high rate of speed and not upon the regular time for the train, are to be considered in deciding whether such company was guilty of negligence, and whether a person injured at the crossing used due care in attempting to cross.

3.  ————: NEGLIGENCE IN CROSSING : QUESTION FOR JURY. The question as to whether a person injured by a passing train at a railroad crossing was guilty of negligence in attempting to cross is usually a question of fact to be decided upon all the circumstances of the case as shown by the evidence.

4.  **Instructions.**    Where no objections were made to the instructions in the motion for a new trial, they cannot be considered by the supreme court. *Schreckengast v. Ealy,* 16 Neb., 510.

ERROR to the district court for Platte county. Tried below before POST, J.

*A. J. Poppleton, J. S. Shropshire,* and *W. R. Kelly,* for plaintiff in error, cited: 1 Redfield Railways, 548. Shearman & Redfield Negligence, 578. *Stevens v. R. R. Co.,* 18 N. Y., 422. *Cont. Imp. Co. v. Stead,* 95 U. S., 165. *R. R. Co. v. Houston,* Id., 697. *Pence v. R. R. Co.,* 19 N. W. R., 785. *Chase v. R. R. Co.,* 5 Atlantic Rep., 771. *Williams v. R. R. Co.,* 24 N. W. R., 422.

*McAllister Brothers* and *Sampson & Millett,* for defendant in error, cited: *Railroad Company v. Stout,* 17 Wall., 657. *A. & N. R. R. Co. v. Bailey,* 11 Neb., 332. *City of Lincoln v. Gillilan,* 18 Id., 115. *Hutchinson v. R. R.,* 21 N. W. R., 212. *Greany v. R. R. Co.,* 5 N. E. R., 425. *Ernst v. R. R. Co.,* 35 N. Y., 9.

REESE, J.

This action was instituted in the district court of Platte county, for damages sustained by plaintiff resulting from

personal injury and the destruction of his team, harness, and wagon, at a railroad crossing at the town of St. Edwards, on the line of the railroad of plaintiff in error. The cause was tried to a jury, who returned a verdict in favor of defendant in error for $5,500. This verdict was set aside by the district court, and a new trial granted. On the second trial a verdict was returned in favor of defendant in error for $5,000. A motion for a new trial was filed, assigning two grounds therefor : First, "The verdict is not sustained by the evidence, and is contrary to law." Second, "For errors of law occurring at the trial, and duly excepted to by defendant."

This motion was overruled, and judgment rendered on the verdict. Plaintiff in error brings the cause into this court by proceedings in error. Defendant in error alleges error in the action of the district court in setting aside the first verdict, and asks that that order be set aside and judgment rendered thereon. It is conceded that the first verdict was set aside for the sole reason that the evidence was not sufficient to sustain it, and that the evidence upon that trial was substantially the same as on the last. We do not think it necessary to enter into a discussion of the testimony adduced upon the first trial, for the reason that the result of the second one was substantially the same, and for the further reason that it could not be said that there was an abuse of discretion in the action of the court. To this may be added the further reason that it is apparent that the last verdict was sufficiently large to cover the damage proven on either trial.

The sole question presented by this record is as to whether the verdict is sustained by the evidence.

The testimony upon the trial shows substantially the following uncontroverted facts : Plaintiff's railroad is constructed through the village of St. Edwards upon a straight line and a level surface. Defendant resides about one-half mile north of the village, and on the east side of the rail-

road track, the direction of which is from south-east to north-west, and perhaps about one-half mile from the track. That part of the village in which the post-office, stores, etc., are situated, is on the west side of the track, or across the same from the residence of defendant in error. The crossing is at the section line on the north boundary of the village, and about one-half mile south-west from defendant's house. On the day on which the accident occurred, defendant in error was in the village with his team and wagon, and at about seven o'clock in the evening started to go home. The point from which he started was about four blocks north-west of the depot, and perhaps about the distance of one block from the track of plaintiff's road. His first direction was one and a half blocks west, thence four blocks north, which again brought him near the track, parallel with the track to the north-west along the right of way for about one hundred and eighty yards to the section line crossing, where, by a short turn to the right, he sought to cross the railroad track. As he was in the act of crossing the track, plaintiff's train, coming from the south-east, struck his team and wagon, killing both horses, breaking the wagon and harness, and injuring him. The regular time for the train was 5:30 o'clock. It was therefore about one and a half hours late. Of this fact defendant in error had knowledge, for he had seen the train standing at the depot, about three-quarters of a mile south-east from the place of the accident, some little time before he started home, but he testifies that he had been informed by what he considered reliable authority that the train had gone before he started. His informant, however, was in no way connected with the railroad. It was quite cold, and the wind was blowing strongly from the northwest. There was but the one train per day running each way, the return train going south in the morning.

In the examination of the question presented—the contributory negligence of defendant in error—it must not be

forgotten that all questions of fact were for the jury to determine, and that where the testimony was conflicting, it was for them to decide as to which of the witnesses were entitled to belief. In addition to the foregoing statement of facts, there was sufficient evidence to support the finding that the train was running at an unusually high rate of speed, and that no signals were given of its approach to the crossing. That when defendant in error approached the track before turning parallel with it, he looked along the track and saw no train, and that he again looked when about half way from there to the crossing,. with the same results. That the road upon which he was driving was very rough and frozen hard, so that he could not or did not hear the approach of the train as it came up in his rear, no other noise being made by it than the exhaust of steam, and that caused by the running of the train— neither bell nor whistle being used—and that he had no knowledge of its presence until he was on the track and saw it not more than fifty feet away, bearing down upon him at what some of the witnesses testified to be double its usual rate of speed. There is no question as to the fact of the accident. One of the horses was thrown upon the right, the other to the left side of the engine. The wagon was thrown from the track with great force, and the sound of the collision was heard a half mile away ; yet the engineer testified that he neither saw nor heard anything of the accident and knew nothing of it until the next day.

If it be true that the train was running at the rate of speed described by the witnesses through the village, and that no signal of any kind was given—the train being one hour and a half later than its usual and regular time— these facts would be proper to be considered by the jury in ascertaining whether the employes of plaintiff in error were negligent or not, the law requiring the signals to be given. Comp. Stats., 1885, 203, Sec. 104. Upon the other hand, if the jury found that defendant in error had

sufficient reason to believe the train had gone, that when he approached the railroad track he looked down the track and saw no train, and that this was repeated before trying to cross, with the same result, and that under all the circumstances he exercised that degree of care usually exercised by and required of reasonably prudent men, they would be justified in finding that he was guilty of no such negligence as would defeat his recovery. These questions of negligence were for the jury to decide, and we cannot conceive how, as matter of law, it can be said either that plaintiff in error was not, nor that defendant in error was, negligent. The first duty was upon plaintiff in error, a part of this was the compliance with a plain mandatory statute. Defendant in error had the right to expect this duty to be observed in case a train should pass at that time. Not that a failure to perform it would exonerate any fault of his, nor release him from the exercise of proper care, but that he might have the opportunity of knowing of the approach of the train. It is true that plaintiff in error had the right to expect due care of any one who might be near its track with a design to cross, but that would not justify it in running at the reckless rate of speed described by the witnesses, against a high wind, and in violation of law. The degree of care required of a person who is about to cross a railroad track is such care as could be reasonably expected of an ordinarily prudent person under like circumstances, and this was a question for the jury to determine under all the circumstances of the case. This case seems to us to be peculiarly within the rule stated by the supreme court of the United States in *Railroad Co. v. Stout*, 17 Wall., 657, and approved in *Railroad Co. v. Bailey*, 11 Neb., 332, and in *The City of Lincoln v. Gillilan*, 18 Id., 115. See also, upon this part of the case, *Ry. Co. v. Hutchinson*, 11 N. E. Rep., 855. *Railroad Co. v. Rudel*, 100 Ill., 603. *Railroad Co. v. Troutman*, 6 Am. and Eng. Ry. Cases, 117.

*Smedis v. Ry. Co.*, 88 N. Y., 13. *Ry. Co. v. McLin*, 82 Ind., 435–452. *Sherry v. Ry. Co.*, 10 N. E. Rep. (N. Y.), 128. The verdict cannot, therefore, be molested, as not being sustained by the evidence.

Objection is made to instruction number ten, given to the jury by the trial court, but as the question of its correctness was not presented to that court in the motion for a new trial, it cannot be considered here. *Schreckengast v. Ealy*, 16 Neb., 510. *Railroad Co. v. Walker*, 17 Id., 432.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.