MAGGIE WALLENBURG, APPELLEE, v. MISSOURI PACIFIC RAILWAY COMPANY, APPELLANT.

FILED APRIL 23, 1910. No. 15,879.

1. Railroads: INJURY AT CROSSING: DUTY OF PEDESTRIAN. It is the duty of a pedestrian upon a highway in approaching a railway crossing to look and listen for moving trains before attempting to cross the railway, but, if he does so, he is not necessarily negligent because he did not look at the most advantageous point, and where, if he had taken heed, he probably would have seen an oncoming train and avoided injury.

2. Instructions not applicable to the evidence should not be given, although they may state correct, abstract principles of law.

3. Appeal: Verdict: Special Findings.   Where special findings of a jury can be reconciled with a general verdict and the relevant evidence in the record, the verdict will control.

4. Case Distinguished:  *Chicago, B. & Q. R. Co. v. Yost*, 56 Neb. 439, and 61 Neb. 530, distinguished.

Appeal from the district court for Douglas county: Alexander C. Troup, Judge.  *Affirmed.*

*James W. Orr* and *B. P. Waggener,* for appellant.

*McCoy & Olmsted, contra.*

Root, J.

This is an action for personal injuries caused by the defendant's alleged negligence.  The plaintiff prevailed, and the defendant appeals.

1. The defendant introduced no evidence, but insists the testimony conclusively establishes plaintiff's contributory negligence.  The plaintiff was injured by one of the defendant's locomotives at the intersection of its railway and Thirtieth street in a sparsely settled neighborhood in the outskirts of the city of Omaha.  The street upon which the accident occurred is paved, runs north and south, and is frequently used by the public.  The railway approaches the street on a curve from the southwest, and is about 18 inches above the surface of the street at said intersection. South of the track and west of the street earth has been taken from the defendant's right of way to construct an embankment, so that the railway grade is elevated from six to ten feet above the bottom of the borrow-pits, a short distance west of the street, and thence southwest several hundred feet.  At the time the plaintiff was injured, August 14, 1905, there were weeds from six to nine feet in height in the borrow-pits, and smaller weeds upon the sides of the fill to within four feet of the railway, but this vegetation could in no manner obscure a pedestrian's view of a train approaching from the southwest.  There are trees within the defendant's right of way west of the

highway, so that 50 feet south of the railway an oncoming train may be seen a distance of only 200 feet southwest of the crossing. Thirty-six feet south of the south rail a train is visible 400 feet distant, and 7 feet south of the track a train may be noticed 575 feet to the southwest. The railway grade is about 1 per cent., and declines toward the east and northeast. On the west side of the street a wooden sidewalk 82 feet in length extends to within 16 feet of defendant's main line, and the intervening footway is a cinder walk. At the time the plaintiff was injured she weighed 218 pounds, enjoyed good eyesight and hearing, and was in no manner distracted or confused. The train with which she collided consisted of a locomotive and from 7 to 14 freight cars. It was coasting down grade at an estimated speed of from 35 to 50 miles an hour, and no warning by way of sounding a whistle, ringing a bell, or otherwise, was given of its approach.

The sixth instruction given by the court on its own motion reflects the testimony concerning plaintiff's conduct, and will advise the reader concerning the law of the case upon this phase of the suit: "You are instructed that the plaintiff has alleged in her petition, and has given evidence tending to show, that on the morning of the accident in question, and just prior to its occurrence, she was walking north on the sidewalk on the west side of Thirtieth street, proceeding in the direction of the railway in question; that at a point on said sidewalk from 35 to 37 feet south of the center of defendant's track on said crossing she looked and listened for approaching trains on defendant's road, but neither saw nor heard any. You are likewise instructed that the undisputed evidence, as well as the admissions of counsel for both parties in open court, established conclusively the following facts: (a) That at the point last above stated where plaintiff claims she looked and listened for approaching trains, the same being from 35 to 37 feet south of the center of defendant's track, plaintiff had a clear, unob-

structed view of defendant's track to the southwestward for a distance of 400 feet.  (*b*) That the clear, unobstructed view of defendant's track in the direction named increased in proportion as the plaintiff proceeded northward, and that at a point three or four feet south of defendant's track, as it entered upon said crossing, there was a clear and unobstructed view of defendant's track to the southwestward 600 feet.  (*c*) That plaintiff did not look again for approaching trains after the occasion above referred to (at a point from 35 to 37 feet south of defendant's track), but proceeded north until she had stepped upon, or was about to step upon, defendant's track at said crossing, when she collided with, or was struck by, defendant's engine attached to a freight train coming from the southwestward, and was injured.  And it is now for you to say, under these admitted facts and all the other evidence in the case, and these instructions, whether or not plaintiff was guilty of contributory negligence as the same has been above defined to you.  To aid you in determining this question, you are also at liberty to take into consideration the situation of the crossing, the general surroundings and conditions in the immediate vicinity of the same and southwestward along and adjacent to defendant's track, as disclosed by the evidence, the manner in and the speed with which the trains of defendant were accustomed to being run or operated at and near that point, if such appears from the evidence, and all other attendant facts and circumstances bearing on the question, as shown by the evidence, including in your consideration the knowledge or lack of knowledge of said plaintiff as to these matters.  And in this connection you are further instructed that, on the one hand, plaintiff was bound to know that a railroad crossing is a dangerous place, and that she should approach it accordingly, having in view such dangers as a person of ordinary prudence would have reason to apprehend; and that, on the other hand, she was not required to anticipate, in view of the public character of the crossing in question that an

approaching train of the defendant would proceed at an unusual or dangerous rate of speed at that point, and that it would give such warning of its approach, by sounding of whistle or ringing of bell, as the law required. Having then in view all of the foregoing conditions, and the evidence, probably a fair test to the solution of the point in question is, estimating the distance at which the track seemed to be clear when plaintiff claimed to have observed the same as above stated, the time it would take a train to travel that distance, proceeding at a reasonable rate of speed, considering the nature of the locality, and the time it would require the plaintiff to cross the track in safety, proceeding northward from the point from which she observed defendant's track as above stated, would a person of ordinary care and prudence, under the same circumstances, have considered it safe to cross, without again looking for approaching trains? In other words, was her act in this respect, in view of all of the conditions, facts and circumstances in the case, as shown by the evidence, such as ordinarily would have been taken by a prudent person. If it was, then it might fairly be said that the plaintiff was not guilty of contributory negligence; but if you should find, from a preponderance of the evidence, that it was not, and that such act directly contributed to the accident in question, then it might fairly be said that plaintiff was guilty of contributory negligence, and, in that event, she cannot recover in this action."

Section 10579 et seq., Ann. St. 1909, command a railway company to give notice of the approach of its trains to public crossings, by sounding a whistle or ringing a bell, commencing at least 80 rods from the highway and continuing the warning until the train shall have crossed the road or street. Failure to give this warning does not in itself establish the carrier's negligence, but may be evidence tending to prove that fact. The proof in this case justified a finding that defendant was negligent in failing to give the highway warning, and that such negligence was the proximate cause of plaintiff's injury.

The next inquiry concerns the plaintiff's negligence. Contributory negligence is but an inference to be deduced from primary facts. Individual minds frequently differ radically in drawing the conclusion of negligence from admitted or established facts, and the judgment of a layman not infrequently is as sound as the logic of a judge upon the subject. The questions of negligence and contributory negligence are therefore as likely to be wisely solved by a jury as by a court, and ordinarily should be committed to the tribunal provided by law for ascertaining litigated facts. In the instant case the primary facts upon the issue of plaintiff's contributory negligence are undisputed, and the rule to be applied is well settled in Nebraska. If from those facts different minds may honestly conclude that plaintiff was guilty of negligence which proximately contributed to her injury, or that she was free therefrom, the jury, and not the court, should draw the inference and find the secondary fact. *Atchison & N. R. Co. v. Bailey,* 11 Neb. 332; *American Water-Works Co. v. Dougherty,* 37 Neb. 373; *Omaha Street R. Co. v. Lochneisen,* 40 Neb. 37; *Chicago, B. & Q. R. Co. v. Pollard,* 53 Neb. 730; *Schwanenfeldt v. Chicago, B. & Q. R. Co.,* 80 Neb. 790.

The defendant argues that the plaintiff had a clear view of the railway track many feet west of the crossing; that if she had looked westward at any time before stepping upon the track she would have seen the train, and is guilty of contributory negligence because she did not look at a time when her sense of sight would have been an effective means to warn her of her peril. Decisions in point to sustain the proposition have been cited, but they do not appeal to us as sound. The rule seems harsh, and practically compels the individual to insure his own safety. In *Omaha, N. & B. H. R. Co. v. O'Donnell,* 22 Neb. 475, we held that ordinarily the question of contributory negligence in cases like the one at bar is for the jury. In that case, if the injured traveler had looked subsequent to his first and second observations and while yet in a place of

safety, he could have seen the approaching train, but we held that his default did not, as a matter of law, convict him of contributory negligence. In *Omaha & R. V. R. Co. v. Talbot*, 48 Neb. 627, we held that it is the duty of a traveler upon the public highway to look and listen while advancing toward a railway crossing, and if he fails to do so he will be guilty of negligence barring a recovery, even though the carrier was negligent in operating the train with which he collided. In that case the man in control of a team drove onto a railway crossing without looking or listening, and had not looked or listened while traveling 40 rods just before coming to said crossing.

In *Chicago, B. & Q. R. Co. v. Yost*, 56 Neb. 439, the plaintiff, a section hand, had been injured by a locomotive following a gravel train; he stepped off the railway and down an embankment; before returning to work, and while at the foot of the grade, he looked in the direction from whence the passing train had come, but could not see the aproaching engine because of an intervening wing fence; thereafter he did not look, although he had been warned by his superior to do so before stepping onto the track, and we held he was guilty of contributory negligence as a matter of law. The case is reported on a second appeal in 61 Neb. 530, and a statement in the first paragraph of the syllabus might, if considered apart from the facts disclosed in the opinion, lead an indifferent observer astray. It must be remembered that Yost had violated a positive order of his employer made to secure the servant's safety. It is competent for a railway company to make a rule of that nature to govern the conduct of its employees, but it has no such control over the public. The power to compel a pedestrian to take so extreme a precaution under all circumstances is vested in the legislature, and it has not spoken upon this subject. The court did not hold nor intend to hold in the *Yost* case that all pedestrians, without regard to surrounding circumstances, must, just before stepping onto a railway, look for trains, or in default thereof be convicted of con-

tributory negligence as a matter of law.  The facts in the *Yost* case clearly distinguish it from the case at bar and all other crossing cases reported in this jurisdiction.  It does not rule the instant case, and should not be considered as authority in suits between a railway company and persons not in its employ.

At the time the first appeal in the *Yost* case was determined, the opinion in *Chicago, B. & Q. R. Co. v. Pollard*, 53 Neb. 730, was on file, and no attempt was made to repudiate the principles of law announced in the *Pollard* case.  The facts in that case are that Pollard was driving along the highway and over a railway crossing.  His attention was challenged by a pillar of smoke to the east which he thought indicated the presence of a train.  Turning from a consideration of the smoke just as his wagon was upon the crossing, he observed a train approaching from the opposite direction.  It was held that the jury should say whether he was negligent or not.  Mr. Chief Justice HARRISON, speaking for the court, said: "It was not for the trial court, and is not for this court, to determine and say as a matter of law just at what exact point in the plaintiff's approach to the railroad he should have looked in either direction on the track for a train, or just at what instant he should have looked in either direction for the same purpose.  The question was, did he, under his surroundings and all the circumstances, observe the care which ordinarily would have been taken by a prudent person?"

The plaintiff had crossed defendant's railway at Thirtieth street several times before the accident.  She testifies that she was accustomed when traveling from the south to stop about 35 feet from the track and look southwest for trains; that at times she had waited for trains to pass before attempting to cross, and in her judgment an observation made at said point would advise her of an approaching train so that she could protect herself; that on the day she was injured, after looking east and west at her usual point of observation, she heard no sounds to

indicate an oncoming train, thought it was safe to cross, and continued to listen for and to think about the train, but was giving attention to her walking. She was heavy, and it behooved her to notice the path she was traveling. Mrs. Wallenburg insists she did not hear or see the defendant's train until it collided with her. The evidence is uncontradicted that the defendant's train was being operated at a rapid and an unusual rate of speed, and that the highway warning was not given as it approached the crossing in question. Mrs. Wallenburg had traveled about half way between the southern line of the defendant's right of way and its track, at the time she last looked for a train, and it does not seem to us, as a matter of law, she should be charged with the duty of anticipating that the defendant would negligently operate its train without warning the public by sounding the locomotive whistle or ringing the bell. The law does not arbitrarily and invariably fix the distance at which the plaintiff should have commenced to look and listen, so long as she did so at a sufficient distance to enable her to discover the approach of a train and avoid injury by the exercise of reasonable and ordinary care, and whether she did exercise that care, under the circumstances of this case, is a question for the jury, and not for this court, to determine. *Schwanenfeldt v. Chicago, B. & Q. R. Co.*, 80 Neb. 790; *Moore v. Chicago, St. P. & K. C. R. Co.*, 102 Ia. 595; *Nichols v. Chicago, B. & Q. R. Co.*, 44 Colo. 501, 98 Pac. 808; *Boyd v. St. Louis S. W. R. Co.*, 101 Tex. 411, 108 S. W. 813; *Farrell v. Erie R. Co.*, 138 Fed. 28; *Oldenburg v. New York C. & H. R. R. Co.*, 124 N. Y. 414; *Greany v. Long Island R. Co.*, 101 N. Y. 419; *Bonnell v. Delaware, L. & W. R. Co.*, 39 N. J. Law, 189. While we might not have found the facts as did the jury, the trial court properly submitted the issues to the triers of fact, and in our opinion there is sufficient evidence to uphold the verdict.

2. Instruction numbered 4, requested by defendant, was properly refused. The first proposition of law therein stated will apply to some cases, but not the instant one,

and the closing paragraph is a command that the jury shall find for defendant. Instruction numbered 5, requested by defendant, does not correctly state the law. In so far as defendant complains because the jury were not told in so many words that a pedestrian in approaching a railway crossing should look each way for trains, it may be said that the court in the fifth paragraph of its charge said: "It was likewise the duty of the plaintiff before going upon the track of defendant to look and listen for the approach of an engine or train, and to observe such reasonable precaution before attempting to cross the track as an ordinarily prudent man, under the same or like circumstances, would have observed." There is nothing in the record tending to prove that plaintiff looked to the east, and not to the west; but the proof is that she looked in the direction of the approaching train, so that the failure of the court to use the word "each", or its equivalent, in its instructions did not prejudice defendant.

Instruction numbered 8, requested by defendant, was properly refused. It is not applicable to the evidence. Instruction numbered 11, requested by defendant, may be correct as an abstract principle of law, but in the light of the evidence adduced was unnecessary. The evidence does not tend to support the last clear chance doctrine, and the court's instructions did not present any phase of that theory to the jury, hence it was proper to refuse the instruction last referred to. Instruction numbered 13, requested by defendant, purports to state the evidence in some particulars. It is not entirely accurate, is argumentative, and was properly refused. Instruction numbered 16, requested by defendant, states a rule of law in conflict with that announced in *Chicago, B. & Q. R. Co. v. Pollard, supra,* and invades the province of the jury. The special findings do not control the general verdict. The situation in this case upon the point considered is very much like the one created in *Kafka v. Union Stock Yards Co.,* 78 Neb. 140.

3. The recovery is moderate, the nature and extent of plaintiff's injuries considered. There is no suggestion in the brief that errors were committed in admitting or rejecting evidence, and the charge to the jury is fair and dispassionate.

The judgment of the district court, therefore, is

AFFIRMED.

BARNES, J., dissenting.

I am unable to concur in the majority opinion in this case, for the reason that to my mind the undisputed facts show such gross contributory negligence on the part of the plaintiff as should prevent a recovery. The effect of this opinion is to overrule *Omaha & R. V. R. Co. v. Talbot,* 48 Neb. 627; *Guthrie v. Missouri P. R. Co.,* 51 Neb. 746; *Chicago, B. & Q. R. Co. v. Pollard,* 53 Neb. 730; *Brady v. Chicago, St. P., M. & O. R. Co.,* 59 Neb. 233, and many other cases. By our judgment we make a railroad company an absolute insurer of the safety of pedestrians at its grade crossings.

I am of opinion that we should hold, in this case, that the plaintiff's conduct in not looking or listening for the approach of the defendant's train for the distance of 35 feet while approaching the crossing where the accident occurred, and by deliberately stepping onto the railroad track in front of the oncoming train, and at the instant it reached the crossing where there was an unobstructed view of the track, in the direction from which the train approached, of from 400 to 500 feet, should be held to be contributory negligence, as a matter of law.

The judgment of the trial court should be reversed and the cause dismissed.