DAISY M. STEVENS, APPELLEE, V. PETER P. LUTHER ET AL.,
APPELLANTS.

FILED NOVEMBER 10, 1920. No. 21051.

1. **Negligence:** AUTOMOBILES: HUSBAND'S NEGLIGENCE NOT IMPUTABLE
   TO WIFE. Negligence on the part of a husband in driving an auto-
   mobile cannot be imputed to his wife, who is riding with him,
   unless the parties are engaged in an enterprise giving the wife
   the power and duty to direct or to assist in the operation and
   management of the car.

2. **Master and Servant:** INJURY TO THIRD PARTY: LIABILITY OF MASTER.
   The owner of an automobile kept for family purposes is liable for
   injuries inflicted upon a stranger as a result of the negligent
   driving of one of his children, where the car is occupied by
   members of the family and is being used for one of the purposes
   for which it is kept.

3. **Negligence:** AUTOMOBILES: UNLAWFUL DRIVING. If a driver of a
   motor vehicle runs it at a rate of speed "forbidden by ordinances
   enacted for the safety of the general public, and injuries result,
   these facts afford reasonable grounds for inferring negligence prej-
   udicial to the rights of those in whose interests and for whose
   protection such municipal regulations were adopted." *Omaha
   Street R. Co. v. Duvall*, 40 Neb. 29, 35.

4. **Cases Distinguished.** Case distinguished from those mentioned in
   the opinion, where the violation of a positive and affirmative duty
   enjoined upon one for the protection of others to whom he owes
   a duty is the negligence alleged, such as statutes requiring safety
   devices upon machinery, fire escapes, fencing of railroads, etc.

5. **Trial:** INSTRUCTIONS. Evidence and instructions examined, and
   *held* that no error prejudicial to defendant occurred at the trial.

6. **Case Disapproved.** In so far as the opinion and syllabus in *walk-
   er v. Klopp*, 99 Neb. 794, are not in harmony with the views ex-
   pressed in this opinion they are disapproved.

APPEAL from the district court for Lancaster county:
LEONARD A. FLANSBURG, JUDGE. *Affirmed.*

*T. J. Doyle,* for appellants.

*G. A. Adams* and *Max V. Beghtol, contra.*

LETTON, J.

. Defendants appeal ·from a judgment for $1,950 recovered for personal injuries received by plaintiff in an automobile collision.

Plaintiff's husband was driving west on L street in the city of Lincoln with his wife and infant child, when his Ford automobile was struck by a seven-passenger Overland car at the intersection of Eighteenth and L streets. The Ford car was turned completely around and all of the spokes were torn from its right hind wheel. Plaintiff was thrown from the automobile and suffered painful and permanent injuries. The Overland car was owned by defendant Peter P. Luther, and was being driven by his daughter, defendant Margaret Luther.

1. Numerous assignments of error are presented, dealing mostly with the instructions given or with instructions requested by defendants and refused. One of the questions raised is that of imputed negligence. On this issue the court instructed the jury: "Negligence on the part of the plaintiff's husband, from the mere fact alone that plaintiff's husband was driving the car, would not be considered in law the negligence of the plaintiff herself, nor affect in any degree her right, if any, to recover, as the wife is ordinarily considered a passenger in the car driven by her husband, and not chargeable with the direction, control, nor manner of driving."

This court has held: "Except with respect to the relationship of partnership, or of principal and agent, or of master and servant, or the like, the doctrine of imputed negligence is not in vogue in this state." *Hajsek v. Chicago, B. & Q. R. Co.,* 68 Neb. 539; *Craig v. Chicago, St. P., M. & O. R. Co.,* 97 Neb. 586. Negligence on the part of a husband in driving an automobile, therefore, cannot be imputed to his wife who is riding with him, unless the parties are engaged in an enterprise giving the wife the power and duty to direct or to assist in the operation and management of the car. 8 L. R. A. n. s. 656, note (*Cotton v. Willmar & S. F. R. Co.,* 99 Minn. 366) ; L. R. A. 1915A, 764, note (*Christopherson v. Minneapolis, St. P. & S. S. M. R.*

*Co.,* 28 N. Dak. 128). Plaintiff had no such power in the
present case. The car belonged to the husband, and the
evidence shows that he alone was controlling it; the wife
was a mere passenger. It is true plaintiff might be guilty
of negligence on her own part which would bar her right
to recover, but this phase was properly covered in a sub-
sequent portion of the instruction. On the question of im-
puted negligence, we find no error with respect either to
the instructions given or the instructions refused.

2. Complaint is made of the court's instruction No. 5,
which told the jury that defendant, Margaret Luther, in
this case was the agent of her father, and the father was
liable for any actionable negligence on her part in driv-
ing. The father was not present at the time of the acci-
dent, but the car was being driven by the daughter, with
his knowledge and consent, to convey members of the
family to church. He testified that the automobile was
kept for the pleasure and convenience of the family; that
the daughter usually drove it; and that taking the family
to church was one of the purposes for which it was kept.
The question presented by defendant is new in this juris-
diction. But by the weight of authority, in the jurisdic-
tions where the question has been determined, the owner
of an automobile kept for family purposes is liable for in-
juries inflicted upon a stranger as a result of the negligent
driving of one of his children, where the car is occupied by
members of the family and is being used for one of the
purposes for which it is kept. 5 A. L. R. 226, notes. See,
also, 41 L. R. A. n. s. 775, notes (*McNeal v. McKain,* 33
Okla. 449); 50 L. R. A. n. s. 59, notes (*Birch v. Abercrom-
bie,* 74 Wash. 486); L. R. A. 1916F, 223, note (*Griffin
v. Russell,* 144 Ga. 275); *Denison v. McNorton,* 228 Fed.
401. Some of the courts have drawn a distinction between
cases where the car is being used by one of the children
alone and where it is occupied by other members of the
family as well, but this distinction need not here be con-
sidered.

It is objected that the court erred in giving instruction
No. 7, which told the jury that a person violating a statute

Stevens v. Luther.

fixing a rate of speed for automobiles is guilty of negligence as a matter of law. Counsel say: "If the court imparts to the jury the statute regulating the speed of automobiles, it should then say to the jury: 'It is for you to determine whether or not the excess rate of speed, if you find it was in excess of that fixed by statute, contributed to the injury, under all the facts and circumstances of the case.' " In the instruction given the jury were told that it was for them "to determine the degree or amount of such negligence under these instructions, in view of all the facts and circumstances, and other acts of negligence, if any, proven at the trial, and to determine whether such negligence was the proximate cause of, or contributed to, the accident." This seems to meet the criticism made. The evidence justifies the conclusion that both automobiles were traveling at a rate of speed exceeding that fixed by the statute. Each driver was equally guilty of a violation of its terms; and, under all the facts and circumstances proved at the trial, we are satisfied that defendant suffered no prejudicial error by the giving of the instruction.

On account of some lack of harmony, it may be advisable in this connection to review the former decisions of this court with respect to the question whether the violation of a statute or ordinance enacted for the safety or protection of persons or property constitutes negligence *per se,* or is only evidence of negligence, for the jury to consider with all the other evidence in the case on that issue. The rule that the violation of a statute requiring signals to be given by railroad trains approaching crossings is evidence to be considered by the jury in ascertaining whether defendant was guilty of negligence is first laid down in Nebraska in *Omaha, N. & B. H. R. Co. v. O'Donnell,* 22 Neb. 475, and with respect to the violation of a city ordinance of this nature in *Union P. R. Co. v. Rassmussen,* 25 Neb. 810. The question is discussed at length by Irvine, C., in *Chicago, B. & Q. R. Co. v. Metcalf,* 44 Neb. 848, beginning at p. 859. The doctrine is reiterated that the violation of a statute requiring a bell to be rung or whistle to be sounded by a

locomotive when approaching a road crossing is not negligence *per se,* but only evidence of negligence. Since this decision it has been the rule with few exceptions for the district courts of the state to instruct that the violation of such a statute or ordinance is evidence of negligence, which the jury is entitled to consider in connection with all other evidence in the case. Perhaps in a few opinions since that time, where the precise question was not under discussion or involved, it has been loosely said that the violation of such a statute or ordinance was negligence.

It has been argued in another case now under consideration (*Dorrance v. Omaha & C. B. Street R. Co.,* p. 196, *post*) that a different rule applies to statutes from that relating to ordinances; but the same rule is applied to the violation of a statute in *Omaha Street R. Co. v. Duvall,* 40 Neb. 29; *Omaha & R. V. R. Co. v. Talbot,* 48 Neb. 627; *Missouri P. R. Co. v. Geist,* 49 Neb. 489; *Wallenburg v. Missouri P. R. Co.,* 86 Neb. 642, 646; and to the violation of an ordinance in *Riley v. Missouri P. R. Co.,* 69 Neb. 82, 87; *Omaha Street R. Co. v. Larson,* 70 Neb. 591; *Lincoln Traction Co. v. Heller,* 72 Neb. 127; *Olson v. Nebraska Telephone Co.,* 87 Neb. 593; *Rule v. Claar Transfer & Storage Co.,* 102 Neb. 4.

In a note in 5 L. R. A. n. s. 226 (*Sluder v. St. Louis Transit Co.,* 189 Mo. 107), a large number of cases are cited upholding the doctrine of this court. The supreme courts of the United States, of New York, Massachusetts, California, Illinois, Indiana, Iowa, Georgia, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Montana, New Hampshire, Ohio, Oregon, Pennsylvania, South Carolina, Utah, Wisconsin, Virginia, Washington, also the courts of Ontario and England, take the view that the violation of a duty prescribed by such a statute or ordinance is evidence proper for the consideration of the jury, to be considered with all the other circumstances in the case upon the question of the defendant's negligence.

Mr. Justice Lamar says in *Grand Trunk R. Co. v. Ives,* 144 U. S. 408, 418: "Indeed, it has been held in many cases that the running of railroad trains

within the limits of a city at a rate of speed greater than is allowed by an ordinance of such city is negligence *per se*. *Schlereth v. Missouri P. R. Co.,* 96 Mo. 509; *Virginia M. R. Co. v. White,* 84 Va. 498. But, perhaps, the better and more generally accepted rule is that such an act on the part of the railroad company is always to be considered by the jury as at least a circumstance from which negligence may be inferred in determining whether the company was or was not guilty of negligence" —citing a number of cases.

There are decisions which at first reading may seem to be inconsistent with this rule, but most of them may be distinguished on account of the different character and purpose of the statutes involved. Statutes requiring protective devices to be placed upon machinery, upon barbed-wire fences, scaffolding statutes, railroad fencing statutes, fire escape statutes, and other statutes of like nature, impose a mandatory and affirmative duty upon the owners of such property, and even in states where the violation of speed statutes is held to be only evidence from which negligence may be inferred, the courts generally hold that a failure to perform a mandatory duty so enjoined is negligence *per se,* and if any person to whom the duty is owed, or for whose protection the statute is enacted, is injured in consequence of such violation, a case is made.

In New York the violation of a statute requiring fire escapes is held to be negligence for which one injured in consequence of the failure to supply the required appliances is liable in damages. The cases of *Strahl v. Miller,* 97 Neb. 820, and *Hoopes v. Creighton,* 100 Neb, 510, considering a statute relating to fire protection by hotel keepers, *Vanderveer v. Moran,* 79 Neb. 431, a statute relating to guarding barbed-wire fences, *McCarthy v. Ravenna,* 99 Neb. 675, a statute requiring machine shafting to be guarded, *Butera v. Mardis Co.,* 99 Neb. 815, a statute relating to hoists and scaffolds, are cases illustrating the latter principle. Other cases stating the same principle are cited in the opinion in the case last mentioned.

Statutes limiting the speed of vehicles are upon a different footing. There is a general duty upon drivers of street cars, automobiles, and vehicles generally, to use due care for the rights of others when driving upon streets and in crossing intersections. The exercise of due care demands that such vehicle, especially at crowded intersections, move at a moderate rate of speed. A statute or an ordinance which seeks to prescribe a limit of speed upon streets or intersections, and forbids a greater speed, may make an act unlawful and subject the doer to punishment where before its enactment no breach of law existed; but while in some instances the speed of a vehicle may of itself constitute negligence, in other instances, although the act may be unlawful in the sense that the doer is liable to punishment, no reasonable mind would say that the act was negligent of itself. Take, for example, the statute under consideration, which provides that it is unlawful to operate an automobile at intersections of streets within a city at a speed exceeding 6 miles an hour. We all know that in the great majority of cities, many of which in this state have less than 3,000 inhabitants, to drive across the intersections of streets at 7, 8, 10, or 12 miles an hour is entirely consistent with the exercise of due care, and therefore, except under special circumstances, it is not negligence. In fact, circumstances may arise where, in order to avoid an accident, it would be negligence not to exceed the statutory limit. This law has now been repealed and a more reasonable statute enacted. Laws 1919, ch. 222, sec. 28.

At the time of the decision in the *O'Donnell* case automobiles had not been invented, and the numerous serious and fatal accidents to occur from reckless driving could not be foreseen. If the court were now establishing a rule for the first time, it might be inclined to follow the other line of decisions, but that which has been the law of the state, and accepted as such by the people and the courts for over 30 years, ought not to be set aside without the most convincing reasons.

The case of *Walker v. Klopp*, 99 Neb. 794, may seem to be, and has been considered by district judges and some

members of the bar to be, in conflict with the well-established rule. The case was properly decided, as under the facts the issue was one for a jury to decide; but we think the opinion does not distinguish between the cases cited, one of which was a street railway case falling within the rule, and one a railroad fencing case falling under the other principle. The opinion and syllabus are confusing and not in harmony with our former decisions, and in so far as in conflict with the rule of *Omaha Street R. Co. v. Duvall*, 40 Neb. 29, cited in the same opinion, the case is disapproved.

The remaining assignments of error need not be considered in detail. Most of them are disposed of by the views expressed above. The question of comparative negligence presented is covered by section 7892, Rev. St. 1913. None of the complaints made as to the admission or exclusion of evidence warrant a reversal. The instruction requested by defendants, that "the regulation by law of speed of motor vehicles is primarily made for the protection of pedestrians and vehicles, other than motor vehicles, occupying or using the street," was properly refused.

An examination of all the questions presented fails to reveal any reversible error in the record, and the judgment is

AFFIRMED.

FLANSBURG, J., not sitting.