DAVID B. MUIR, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED MARCH 6, 1925.  No. 22982.

Negligence: QUESTION FOR JURY. When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD. JUDGE. *Affirmed.*

*John L. Webster* and *R. B. Hasselquist,* for appellant.

*Fleharty & Yates, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

EVANS, J.

The plaintiff sues to recover from the defendant because of injuries occasioned by a collision between a Ford automobile, in which he was riding and used as a truck, and the defendant's street car. In the district court there was a verdict and judgment for the plaintiff in the sum of $1,550. From this judgment the defendant appeals.

The Ford was backing out of an alley on Sixth street in Omaha, and, in so doing, backed in front of an on-coming street car. The plaintiff alleges negligence in the defendant, in that the car was going at a high rate of speed; was not giving warning; was not under control; and that if proper care had been used the collision need not have occurred. The defendant alleges that the plaintiff was himself negligent in backing upon the tracks at all; that it was in violation of a city ordinance; and that the plaintiff's own negligence, and not the defendant company's was the proximate cause of the injury.

The defendant assigns as error the giving to the jury of instructions No. 3 and No. 11, and that in giving instruction No. 10, which it claims was correctly given, the case should have been terminated by an instructed verdict for

the defendant, and that the court erred in not giving such instruction.

Instruction No. 3 is as follows: "Before the plaintiff can recover, he must establish to your satisfaction by a preponderance of the evidence:

"First. That defendant was guilty of negligence in driving the car at a negligent rate of speed, or without warning, or that defendant's motorman saw plaintiff, or, in the exercise of due care, could have seen plaintiff in a place of danger in time to have stopped the car and avoided the accident.

"Second. That negligence of defendant was the proximate cause of the collision.

"Third. That plaintiff was injured by the collision, and the amount of damage he sustained by the injury.

"If plaintiff has proved all of the above propositions by a preponderance of the evidence, your verdict shall be for plaintiff; but, if plaintiff has failed to prove any one of the above propositions, your verdict must be for the defendant.

"Defendant has alleged that the collision was due to plaintiff's contributory negligence in backing onto the street car track in front of the street car, and without looking, and the burden is upon defendant to prove this by a preponderance of the evidence; but evidence of contributory negligence need not come exclusively from defendant's witnesses, but is to be arrived at by you from a consideration of all the evidence and circumstances in the case."

This instruction is complained of because it is claimed there is no evidence to support the claim that the street car was operated at a "negligent rate of speed," or "without warning," or that the motorman "saw plaintiff in a place of danger in time to have stopped the car." In effect, it instructs the jury that before the plaintiff will be entitled to recover he must establish to the jury's satisfaction by a preponderance of the evidence that the negligence in the operation of the car was the proximate cause of the collision which inflicted the injury upon the plaintiff and by which

he was damaged, and that upon a failure so to do their verdict should be for the defendant.

In the assignment of errors it is urged that this instruction was in effect to unconditionally direct the jury to find for the plaintiff. This instruction, taken in connection with the other instructions given by the court, present the question of negligence fairly to the jury, and upon that issue they found for the plaintiff. There is no prejudicial error in the giving of the instruction complained of.

Complaint is also made of the giving of instruction No. 11, which reads: "You are instructed that, under the rules of the road and the ordinances of the city of Omaha, the street car had the right of way over the automobile of the plaintiff, backing out of the alley in question, and it is for you to determine whether it was therefore the duty of the plaintiff to wait and pass to the rear of said street car.

"This rule, however, is not inflexible, to such an extent that the motorman, merely because he may have had the right of way, could continue on his course negligently, and negligently run into the plaintiff's automobile."

This instruction is in conformity with the rule laid down in *Omaha Street R. Co. v. Duvall*, 40 Neb. 29, and which has since been followed by this court. In *Stevens v. Luther*, 105 Neb. 184, Judge Letton, speaking for the court, thoroughly and ably considers the question presented, and having so canvassed the subject the rule is there approved and reaffirmed.

Complaint is made because the court, having given instruction No. 10, did not instruct a verdict for the defendant. The effect of giving instruction No. 10 was to take from the jury's consideration the doctrine of the "last clear chance," and was favorable to the defendant, but did not entitle it to an instructed verdict.

The defendant insists that under the undisputed facts in this case, and the rule that "A court cannot accept as true that which the undisputed evidence demonstrates is false," the plaintiff is not entitled to recover.

Without taking up a discussion of the rule, the enforcement of which is sought, consider the facts in this case:

The plaintiff's case as to negligence on the part of the defendant rests on the speed at which the street car was traveling and the failure to control the same.   The points upon which the evidence is in dispute as between the plaintiff and defendant are: Rate of speed of the street car; rate of speed of the truck as it backed from the alley onto Sixth street; range and extent of vision looking south on Sixth street; the point in the alley from which the truck started to back onto the street; the direction in which the truck was moving or standing when struck; whether, while preparing to and backing out onto the street, the plaintiff or his companion, Baker, were looking out for street cars or other vehicles, and the distance the street car ran after it hit the truck.

With reference to the extent of vision of one standing where the truck stood and looking south on sixth street, it may be observed, two witnesses testifying on plaintiff's behalf—plaintiff and Baker—limited the extent of vision to 400 feet.   There was one witness on behalf of the defendant who testified that you could see a street car coming from the top of the hill, which would be about 2½ blocks. The jury viewed the place of the accident, and found, so far as this fact is concerned, in favor of the plaintiff, and against the defendant.

The conductor, the witness White, testified that he left Center street at 2:11, and that the accident occurred at 2:13.   Assuming that the blocks between Center street and Williams street are similar in length north and south to the block in which the accident occurred, the street car had traversed between 1,683 feet and 1,800 feet, which would give it an average rate of speed over its whole course of approximately 10 miles an hour, in which it started, climbed the incline, and drifted to the point of the accident, and came to a stop.   Such fact is not corroborative of the speed testified to by the witnesses of the defendant, who fixed the rate at the time of the approach to the alley at

14 miles an hour. The evidence of the motorman, the witness Olson, on this point may be summarized as follows: He saw the truck backing from the alley when he was a car-length (about 40 feet) south of the alley; that at the time his car was drifting, i. e., without power being applied, and he was applying air to have it under control; that immediately upon discovering the truck he applied the air, pulled the reverse, and applied sand; that by the time he struck the truck he had considerably reduced the speed of the car; that the speed of the truck in backing onto the track was 6 or 7 miles an hour, and that to run a street car down this hill, down which he was then drifting, at 40 miles an hour, it is doubtful if it would stay on the track; that the truck came onto the tracks when the car was about a half car-length south of it, and that he struck the truck when its hind wheels had reached the west rail of the east track. The evidence of defendant's witness also tends to fix the distance from the north side of the alley to the lot line of the north lot in the block at 148 feet, with 9 feet additional to the curb; the width of the alley at 20 feet; that, when the car stopped, its front end was some place between 64 and 40 feet, depending upon the width of the grocery store, south of Williams street, so that the car, after striking the truck on a line at least as far south as the south line of the alley, ran 110 or more feet.

From the foregoing facts the following is deducible: If the street car ran the last 20 feet before striking the truck, and after its speed had been considerably reduced, while the truck was going the width of the track, which is 4 feet 8½ inches, or, to make allowance for the difference between the hind end and the position of its hind wheels, say 6 feet, and the truck was moving at the rate of 6 or 7 miles an hour, the street car must, of necessity, have been moving at 18 to 22 miles an hour. This is corroborated by the fact that, although the motorman used emergency methods in his endeavor to stop the car, beginning at least 40 feet south of the alley, he was unable to stop it until within from 40 to 60 feet of the place where he was intending to

stop to take on passengers.  It is proper also to take into consideration the effect of dragging the truck over the cobblestone pavement for at least 100 feet.  In other words, in running 150 or 160 feet using emergency methods, the car was only from 40 to 60 feet away from its intended stop, although it had dragged the truck about two-thirds of that distance.  These facts were all before the jury. They viewed the site of the accident.  It presents a disputed question of fact on which the jury found against the defendant.  The court did not err in refusing to instruct a verdict.  The judgment is

AFFIRMED.