CHARLES R. WHITLOW, APPELLEE, V. MISSOURI PACIFIC RAILWAY COMPANY, APPELLANT.

FILED NOVEMBER 12, 1913.    No. 17,384.

1. **Railroads**: ACTION FOR DAMAGES: NEGLIGENCE: QUESTION FOR JURY. In an action for damages against a railroad company because of the injury to property occasioned by its alleged negligence, it is for the jury to say, under proper instructions from the court, whether the acts proved constitute negligence for which the company is liable.

2. **Negligence**: QUESTIONS FOR COURT AND JURY. While the court may say what act or omission of a party is evidence of negligence, it is for the jury to say what conclusion such evidence warrants. *Omaha Street R. Co, v. Craig*, 39 Neb. 601.

APPEAL from the district court for Nemaha county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Edgar M. Morsman, Jr.,* and *Will H. Thompson,* for appellant.

*Lambert & McCarty,* contra.

HAMER, J.

This case was brought in the district court for Nemaha county against the defendant, the Missouri Pacific Railway Company, to recover damages for the alleged de-

struction of a wagon, water-tank, pump and harness. The articles mentioned were destroyed at a public crossing, where there was a collision between the wagon and the water-tank of the plaintiff and a train of cars belonging to the defendant. The plaintiff had a verdict and judgment, from the latter of which the defendant prosecutes an appeal.

It is undisputed that there was a collision, and the question is against whom should the blame attach.

The petition alleged that the bell on the locomotive was not rung nor the whistle blown at a distance of 80 rods or more from the railroad crossing where the collision occurred; that the team and wagon was in charge of an employee of the plaintiff, who was exercising due care and prudence in the handling of the team, and that the destruction of the property by the locomotive was without any fault or neglect of the plaintiff or his agent or employee, and that it was wholly caused by the negligence and carelessness of the defendant. The property destroyed was being used in the hauling of water for the purpose of supplying an engine that furnished power to run a threshing machine in the neighborhood of the crossing. The answer of the defendant admitted that it was a corporation owning the railroad which extended between the city of Auburn and the city of Omaha, in the state of Nebraska; also admitted that the plaintiff was the owner and in possession of the articles destroyed; also admitted that there was a collision between the wagon and water-tank of the plaintiff and the train of cars of the defendant; but denied that the collision was due to any negligent act or omission on the part of the defendant or its agents or servants; also alleged that, if the plaintiff received any injury, the same was caused by the negligence of the plaintiff and his employee who had the custody of the property; that the plaintiff placed the custody of the property in the hands of a young and inexperienced boy, who was driving the wagon at the time of the collision, and that this boy negligently and carelessly drove upon

and over a public crossing without using due care in looking out for the approach of the defendant's train, and after hearing and seeing the approach of the train.

The driver testified on behalf of the plaintiff that he was 16 years old; that the team consisted of a mule and a horse; that a holdback strap had been broken; that the wagon pushed down on the horse, which had no holdback, and that the mule had to do all the holding back that was done. The boy was hauling water for a steam thresher. He got a load of water and started back to the thresher. He had to cross the railroad track. He crossed it on a public road running east and west, while the railroad track ran north and south. He was driving down a hill near the crossing as the train approached. The wagon came down the hill onto the crossing where the collision happened, probably accelerated by the condition of the broken holdback strap. The witness testified that the train was going north, and that it was about 50 feet from him when he first saw it; that the *engine did not whistle until the train hit the wagon, and that the bell did not ring;* that, as he was crossing the track, he looked up and saw the train on the track just a short distance from him, and that he jumped off the wagon, and, just as he jumped, the train hit the tank and broke it all to pieces. Fortunately the team was not injured.

The last paragraph of instruction No. 5, given at the request of the plaintiff, and quoted in defendant's brief, is as follows: "And if from the evidence you believe that the injury alleged by the plaintiff did occur, and that the defendant railroad company caused the same, as alleged in plaintiff's petition, and you further find that in the causing of said accident the defendant was guilty of negligence under the rules laid down to you in the instructions given, you shall find for the plaintiff." When this part of the instruction is read in connection with the part not quoted, the instruction, as a whole, is clearly not erroneous. In the part not quoted the jury were told that, in determining whether the plaintiff was guilty of con-

tributory negligence, they might take into consideration whether he looked and listened for the train the distance from the track at which he could first see it, the obstructions to his view, and all the circumstances and conditions shown then to have existed, and if from all the evidence they found that the person in charge of the team, wagon and other property exercised the care and caution in attempting to cross the railroad track that a prudent and careful man would have exercised under such circumstances, then that the plaintiff was not guilty of contributory negligence. The foregoing, in substance, was introductory to the matter quoted and qualifies the same.

At the plaintiff's request the court gave to the jury instruction No. 1, as follows: "You are instructed that section 104 of chapter 16 of the statutes of Nebraska, which applies to this section, is as follows: 'A bell of at least thirty pounds weight or a steam whistle shall be placed upon each locomotive engine, and shall be rung or whistled at the distance of at least 80 rods from the place where the said railroad shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to this state, and also be liable for all damages which shall be sustained by any person by reason of such neglect.' Now, in this case, if you find from the evidence that, as the engine of the defendant railroad company approached the public crossing where the accident happened, the whistle was not sounded nor the bell rung, as required by the statute, and that the accident complained of was caused by the failure so to ring the bell or blow the whistle, and without any fault or negligence on the part of the plaintiff or his employee or servant who was at that time in charge of the property injured, then you shall find for the plaintiff."

It was evidently the intention of the trial court to submit to the jury the question of the defendant's alleged

negligence in failing to ring the bell or to blow the whistle as the train approached the crossing. It is contended by the appellant that, as the trial court told the jury to find the defendant railroad company liable if the bell was not rung or the whistle was not blown at the distance of at least 80 rods from the crossing, then that the instruction relating thereto was, in effect, to say to the jury that they should exclude from their consideration any and all other facts relating to the case, and that they should rest their verdict solely on the failure to ring the bell or to blow the whistle; but this contention loses sight of the fact that instruction No. 1, quoted last above, contains the further provision that, if the accident complained of was caused by the failure so to ring the bell or blow the whistle, and *without any fault or negligence on the part of the plaintiff or his employee or servant*, then there could be a finding for the plaintiff. That the broken holdback strap on the horse which prevented him from holding back the wagon, and which compelled the mule to do all the holding back that was done, may have accelerated the speed of the wagon down the hill as it approached the crossing, and may have thereby contributed to the accident, is possible, and perhaps probable; but whether there was negligence of a contributory character attaching to the plaintiff because of this fact was a matter peculiarly within the province of the jury, as also whether the bell was rung or the whistle blown, and, if not, whether the failure to do so on the part of the defendant caused the injury.

Instruction No. 1, complained of, was apparently copied from the instruction given on behalf of the plaintiff in *Union P. R. Co. v. Elliott*, 54 Neb. 299. That instruction was not given in a case on all fours with the instant case. In that case one Elliott was an employee of the railway company, and while standing between two tracks in a switch-yard he was struck by a passing engine. He had a verdict and judgment. Of the instruction given this court said: "But, if the instruction was erroneous, we do not think it prejudiced the railway company, as, after all, the

effect of the instruction was to tell the jury that if Elliott's injury, without negligence on his part, was caused by the failure of a bell to be rung or a whistle to be blown on the switch engine, then the railway company was liable. The quoting of the statute by the court in the instruction added nothing whatever to it, as, irrespective of a statute, the starting or running of a switch engine in a switch-yard filled with a network of tracks, upon which cars and engines are constantly moving and in which yardmen are constantly at work, without the ringing of a bell or the blowing of a whistle, is evidence of negligence."

While it was unnecessary to inform the jurors that a penalty of $50 might be inflicted upon the corporation owning the railroad for every neglect to ring the bell or blow the whistle, it was quite proper to tell them that the railroad company was liable for all damages sustained by the plaintiff in this case by reason of such neglect, provided they so found. If the instruction may have been erroneous because of the statement touching the $50 penalty which might be inflicted for neglect to ring the bell or blow the whistle, it does not therefore follow that the error was so far prejudicial that the verdict was induced by it, and should, because of that fact, be set aside. The trial court quoted the statute probably as the easiest way of telling the jury the liability which the defendant incurred if it was negligent; and, while there was no necessity to tell them of the punishment which might be inflicted in *another* and *different* proceeding, if the company should be prosecuted and found guilty, it does not follow that the verdict was brought about by the statement made. It was for the jury to find the facts under proper instructions. The evidence sustains the verdict, and, in any event, the defendant does not make the contention that it fails to do so. It complains only of the instructions. We are unable to find any prejudicial error therein.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.