WILLIAM H. DORRANCE, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED NOVEMBER 10, 1920. No. 21135.

1. **Street Railways:** EXCESSIVE SPEED: INFERENCE OF NEGLIGENCE AS EVIDENCE. If the rate of speed of an automobile or of a street car is in excess of the rate limited by statute or ordinance, this fact affords grounds for inferring negligence in the operation of the vehicle, and is proper to be submitted to the jury as evidence of negligence, together with the other evidence in the case. *Omaha Street R. Co. v. Duvall,* 40 Neb. 29, 35.

2. ———: ———: STATUTES AND ORDINANCES. The rule is the same in this respect both as to statutes and valid ordinances. *Stevens v. Luther, ante,* p. 184.

3. **Affirmance.** Evidence and instructions examined. Verdict sustained.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*John L. Webster* and *William M. Burton,* for appellant.

*Jefferis & Tunison* and *A. P. Lillis, contra.*

LETTON, J.

Plaintiff was driving a heavy automobile hearse across Thirteenth street at Capitol avenue in Omaha about 9:15 in the evening. A collision occurred at the intersection between a street car and the hearse, and plaintiff was injured. This action was brought to recover damages for such injuries. Plaintiff recovered, and defendant appeals.

Plaintiff's version of the accident is that he was driving the automobile at the rate of about 10 miles an hour; that he and his companion, as they neared the intersection, looked to the south and saw the light of an approaching street car at a distance of about 200 feet. The car was then moving at the rate of about 6 to 8 miles an hour. He looked to the north and slowed down the hearse to cross the street car tracks, moving at about 6 or 8 miles an hour. He looked to the south again when he was about 8 or 10 feet into the intersection, and saw the street car close to the intersection and running down grade at the rate of about 25 miles an hour. He then attempted to avoid the collision by turning the hearse northward and increasing the speed; but the left corner of the street car struck the right side of the hearse, breaking the left front wheel of the hearse, the front wheels of the street car left the track, the car pushed the hearse 6 or 7 feet northward, and then diagonally to the northeast corner of the intersection against the curb.

The contention of the defendant is that the plaintiff was driving the hearse on the wrong side of the street without lights and at an unreasonable rate of speed, and that he drove it into the front end of the street car with such impetus that it knocked the front wheels of the car off the track. There is a direct conflict in the evidence as to whether the lights of the automobile hearse were burning before the collision. Such conflict also extends as to the rate of speed of both hearse and street car. The jury had the witnesses before them, and were better qualified to judge of the truth of their accounts of the accident than this court is. Unless some prejudicial error has occurred in the conduct of the trial, the verdict cannot be disturbed.

An ordinance of the city of Omaha, at that time, limited the rate of speed of street cars, in the portion of the city where the accident occurred, to 10 miles an hour. Other ordinances provided that every automobile should have at least one lighted lamp, showing white, visible at least 200 feet in the direction in which the automobile is proceeding, and should also exhibit at least one red light vis-

ible in the reverse direction. It was also provided that driving a motor vehicle "in excess of the following rates of speed for a distance of more than two hundred feet shall be presumptive evidence of driving at a rate of speed which is not careful and prudent: * * * at eight miles per hour at intersections of streets * * *' within the city limits." Ordinance No. 7960, City of Omaha, sec. 47. The law of the state at that time provided: "No person shall operate a motor vehicle * * * within any city * * * at a speed greater than twelve miles per hour, * * * nor * * * when crossing an intersection of streets within any city * * * at a speed exceeding six miles per hour." Rev. St. 1913, sec. 3049. And further provided: "Every motor vehicle while in use on public highways * * * shall have exhibited, during the period from one hour after sunset to one hour before sunrise, one or more lamps showing white lights visible within a reasonable distance * * * and a red light visible from the reverse direction." Rev. St. 1913, sec. 3051.

The court instructed the jury, in substance, that the provisions of this ordinance and of the statute mentioned are valid and reasonable provisions, and, if either or both of the parties to this action violated the statute or ordinance, "you are at liberty to take any such violation into consideration, along with all the other evidence in the case, in determining whether or not the party so violating the same was chargeable with negligence in and about the accident."

The first error assigned is with respect to the giving of this instruction. It is argued that the court lost sight of the distinction between the violation of a state statute and the violation of a city ordinance; that a violation of the statute with reference to speed of motor vehicles constitutes negligence *per se,* and that the violation of such an ordinance is not negligence *per se,* but is only evidence of negligence. The courts are hopelessly divided upon the question whether the violation of a statute or ordinance designed for the protection of the public constitutes negli-

gence *per se,* or is only evidence of negligence, or, as some courts hold, *prima facie* or presumptive evidence of negligence. Our own decisions are not entirely harmonious, but in *Stevens v. Luther, ante* p. 184, the cases are examined, and we adhere to the rule, long established in this state, that such a violation is evidence of negligence, which the jury are entitled to consider upon the question whether actionable negligence existed, but is not negligence *per se.* We are unable to see any good ground for a distinction between a state statute and a city ordinance in this respect. The statute imposes a duty upon all the citizens of the state, and is a rule of conduct prescribed for them. An ordinance of a city is likewise a rule of conduct for every person within its corporate limits, and every person is as much bound to obey and observe a reasonable law laid down by the city council as one laid down by the legislature. *Memphis Street R. Co. v. Haynes,* 112 Tenn. 712. Our attention has not been called to any cases showing a reasonable basis for such a discrimination. The former decisions of this court recognize no such distinction. *Stevens v. Luther, supra.* The supreme court of Michigan in some cases seem to find a distinction    (*Westover v. Grand Rapids R. Co.,* 180 Mich. 373), but in other cases announce the same rule for statutes as for ordinances    (*Zoltovski v. Gzella,* 159 Mich. 620). The district court therefore properly refused instructions tendered by the defendant drawing such a distinction.

It is assigned that the court erred in instructing the jury that, if they found from the evidence that the motorman "could have seen, in the exercise of ordinary care and diligence, the hearse in time to have avoided the collision, and failed to do so, then the defendant would be guilty of negligence." Such an instruction was approved by the court in *Omaha Street R. Co. v. Duvall,* 40 Neb. 29 and *Lucas v. Omaha & C. B. Street R. Co.,* 104 Neb. 432. It is also upheld in *Memphis Street R. Co. v. Haynes, supra,* and other cases. The rule requires no more than ordinary care and diligence on the part of the motorman in keeping a lookout.

It is said that the court erred in refusing to give an instruction that, if plaintiff violated the city ordinances regulating the rate of speed and the providing of lights, such violation would be evidence of negligence. On its own motion the court instructed the jury that, if either or both parties violated the statute or the ordinances, they were at liberty to take any such violation into consideration along with the other evidence in the case in determining whether or not the party so violating the same was chargeable with negligence in and about the accident. This is a fair instruction, and it allows the jury to consider the violation as evidence of negligence.

Defendant requested an instruction that, if plaintiff failed to have his hearse under control as it approached the tracks, and if by care he could have avoided the accident, he cannot recover, which was refused. The defect in this is that it failed to take into consideration the statutory doctrine of comparative negligence. The plaintiff might have failed in some or all the respects mentioned in the instruction, and yet if the negligence of the defendant was gross, and the plaintiff's negligence was slight as compared therewith, he would still be entitled to recover. This instruction was properly refused, but the idea was given in another instruction with respect to contributory negligence and the rule of comparative negligence. The instruction was not so full and specific as that tendered; but, in view of common knowledge as to the need of care and caution on the part of the drivers of motor vehicles at intersections, we think it was sufficient.

It is also urged that the physical facts and the photographs of the street car in evidence demonstrate that it was the plaintiff's negligence which caused the accident; that the facts that the front of the street car was broken at one side and its front wheels forced from the track show conclusively that plaintiff drove the hearse into the car. The testimony on behalf of the plaintiff is to the effect that, when plaintiff looked south for the second time, he saw the street car so close to him that it was impossible to avoid a collision; that in order to avoid it he swerved his

car to the left; and it is argued by him that the resultant of forces of the two moving bodies was the cause of the street car being pushed to the northeast. The photographs in evidence seem to bear out defendant's contention in some degree, but the jury were as well qualified to pass upon the question of fact as this court, and we cannot say as a matter of law that their conclusion was incorrect.

Complaint was made of other portions of the charge to the jury; but, when it is taken as a whole, we find it not subject to the criticism made. It seems apparent to us that both parties were negligent in greater or less degree, and whether plaintiff's negligence was slight in comparison with the gross negligence on the part of defendant was for the jury. While we think a verdict in favor of defendant would be supported by the evidence, we are also of the opinion that it is sufficient to sustain the verdict rendered.

AFFIRMED.

DAY, J., not sitting.