Taylor v. Koukal.

EDNA TAYLOR, APPELLEE, V. JOHN KOUKAL ET AL., APPELLANTS.

FILED JANUARY 13, 1922. No. 21923.

Negligence: INSTRUCTIONS. In an action to recover for injuries sustained by collision with an automobile, an instruction which erroneously states the speed limit authorized by law for a motor vehicle upon approaching another vehicle, and states that the law requires lights to be exhibited on motor vehicles in use during the period from one hour after sunset to one hour before sunrise, and, without qualification, informs the jury that the failure of any person operating an automobile upon a public highway to comply with any of such provisions, in itself, constitutes negligence, is erroneous.

APPEAL from the district court for Cass county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*D. O. Dwyer,* for appellants.

*W. A. Robertson, contra.*

Heard before LETTON, DAY and DEAN, JJ., BLACK-
LEDGE and TEWELL, District Judges.

BLACKLEDGE, District Judge.

Plaintiff, appellee, sued the defendants, upon the
ground of negligence, to recover for personal injuries
sustained by the collision of an automobile driven by one
of the defendants with a buggy in which plaintiff was
riding, and recovered a verdict and judgment.

Upon the trial there was testimony given on behalf of
defendants tending to prove that the lights on the car
were operating when they started from Plattsmouth to-
ward defendants' home, a distance of perhaps three
miles; that, when about half the distance had been
traveled, the lights failed from some unknown or unex-
plained cause; that the driver undertook to repair them
and was unable to do so; that it was about as far to his
destination as to return to Plattsmouth to a garage; that
he proceeded homeward, driving, as he claimed, in a care-
ful manner; that the speed of the car when without lights
was about ten miles an hour. There was evidence of
others tending to show that the speed of the car on part
of the journey—whether while the lights were on or not
does not clearly appear—was twenty miles an hour.

The trial court gave an instruction to the effect that
it is provided by the laws of the state that one operating
a motor vehicle upon a public highway upon approaching
another vehicle must reduce speed to a rate not exceed-
ing eight miles an hour; also in such instruction stated
that a motor vehicle in use upon a public highway between
one hour after sunset and one hour before sunrise must
have lights exhibited thereon; and further stating, without
qualification, that the failure of any person operating
an automobile upon a public highway to comply with
any of such provisions was in itself negligence.

In so far as it states the statutory speed limit, the in-
struction was evidently prepared with reference to the
provision of section 3049, Rev. St. 1913, which fixed the

same at the rate stated in the instruction, and the fact was overlooked that such statute had, at the time of the trial and of the injury, been superseded by chapter 222, Laws 1919, fixing such limit at ten miles an hour. In view of the testimony to which reference is made, this was clearly erroneous as to this element, and in that it determined as a matter of law the negligence both as to speed and lights, and did not submit the same to the jury.

This case, in the particulars stated, is ruled by the cases of *Stevens v. Luther,* 105 Neb. 184, and *Dorrance v. Omaha & C. B. Street R. Co.,* 105 Neb. 196, which, in fairness to the trial court it should be stated, were decided after the trial of the instant case. In the case last cited, in the opinion by Letton, J., it is said:

"The courts are hopelessly divided upon the question whether the violation of a statute or ordinance designed for the protection of the public constitutes negligence *per se,* or is only evidence of negligence, or, as some courts hold, *prima facie* or presumptive evidence of negligence. Our own decisions are not entirely harmonious, but in *Stevens v. Luther,* 105 Neb. 184, the cases are examined, and we adhere to the rule, long established in this state, that such a violation is evidence of negligence, which the jury are entitled to consider upon the question whether actionable negligence existed, but is not negligence *per se.*"

Following the rule stated, the judgment is reversed and the cause remanded for further proceedings according to law.

REVERSED.