ALBERT H. BURKAMP, APPELLEE, V. ROBERTS SANITARY
DAIRY, APPELLANT.

FILED MAY 18, 1928. No. 25805.

*Ziegler & Dunn, George W. Becker* and *J. W. Weingarten,* for appellant.

*Leon, Stalmaster & Beber, contra.*

Heard before GOSS, C. J., ROSE, THOMPSON, EBERLY and HOWELL, JJ., and REDICK and WHEELER, District Judges.

REDICK, District Judge.

The appeal in this case was heard before the supreme court commission, division No. 1, and an opinion rendered reversing the judgment of the lower court for error in the instructions. That opinion was approved by the court; upon which the plaintiff, appellee, filed a motion for rehearing, which was granted, and the case has been heard anew by the court. The action is for damages for personal inju-

ries to plaintiff and damage to his automobile, growing out of a collision with the milk wagon of defendant driven by its servant on one of the boulevards of the city of Omaha. Plaintiff recovered a judgment in the court below, and defendant appeals.

Among the grounds of negligence alleged are: (1) That defendant's servant, at the time of the accident, was driving upon the left or wrong side of the road, contrary to an ordinance of the city of Omaha; (2) that defendant's servant failed to keep a proper lookout for approaching vehicles; and (3) that defendant's servant failed to display a light at the front of his wagon as required by an ordinance of the city of Omaha.

The accident occurred on December 25, 1925, at about 4 o'clock in the morning, the plaintiff driving south and colliding head-on with defendant's wagon coming north.

The instructions complained of are Nos. 6, 7, 8, and 16. Instruction No. 6 is in the following language:

"You are instructed that it is provided by an ordinance of the city of Omaha with respect to the travel and traffic upon its public highways, among other things, as follows: 'Vehicles in motion shall keep between the curb to the right and the center of the highway.'

"It is also provided by the laws of this state that no motor vehicle shall be operated within any city, at a rate of speed greater than is reasonable and proper, having regard of the traffic and use of the road, and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person.

"You are instructed that these are valid provisions of law, and that it was the duty of the plaintiff and of the driver of the defendant's wagon to obey the same at the time of the accident. The defendant is not liable in this action simply and solely because its team and wagon were on the left-hand side or the west side of the boulevard, as they proceeded north, if you find that they were on the left-hand or west side of the roadway. But if you find that at the time of the accident defendant's horses and

milk wagon or either thereof were on the wrong side of the boulevard, *i.e.,* between the curb on the left and the center of the road, and that such fact was the sole cause of the accident, and that plaintiff was not negligent upon his part, then it will be your duty to return a verdict in favor of the plaintiff, for the damages he has sustained. And, if you find that the defendant's wagon or horses were on the left-hand side of the road, *i.e.,* between the left curb and the center, and that such fact was not the sole and exclusive cause of the accident, but did contribute to cause the accident, such fact would constitute negligence upon the part of the defendant, the degree of which and the effect of which will be for you to determine under the evidence and these instructions."

Instruction No. 7 told the jury that, if the defendant failed to comply substantially with the ordinance as to the display of a light, and that "its failure so to do was the sole and exclusive cause of the accident, and plaintiff was not negligent on his part, then the plaintiff is entitled to recover his damages sustained."

Instruction No. 8 told the jury that it was the duty of the driver of the milk wagon to use ordinary and reasonable care in keeping a proper lookout for approaching vehicles, "and if he failed so to do, and the accident was occasioned solely and exclusively because of any such failure on his part, and the plaintiff was not negligent in any respect, then the defendant would be liable for any damages sustained by the plaintiff." It further told the jury that it was the duty of the driver to use ordinary care in guiding his horses and keep them to the right of the center of the highway, and "if he failed in this respect, and such failure in any way contributed to occasion the accident, such failure would be negligence on the part of the defendant, the extent and degree and effect of which will be for you to determine under instructions' hereinafter given you."

The question for determination is whether these instructions violate the well-established rule in this jurisdiction

that, except in cases where a statute imposes upon the defendant a mandatory duty to do some act for the protection or safety of individuals or property, the question whether or not the violation of an ordinance or statute amounted to actionable negligence is one for the jury, under proper instructions of the court, and does not ordinarily amount to negligence *per se,* or as a matter of law. The rule was clearly announced, after elaborate consideration of the cases, in *Stevens v. Luther,* 105 Neb. 184, where the case of *Walker v. Klopp,* 99 Neb. 794, announcing the opposite rule was disapproved, and the proper rule stated to be that, subject to the exceptions noted, the violation of a statute or ordinance is evidence of negligence, which the jury is entitled to consider in connection with all other evidence in the case. It is true that in the *Luther* case the court instructed the jury that a person violating the statute fixing the rate of speed for automobiles is guilty of negligence as a matter of law, but the objection to the instruction was not upon the grounds now under consideration. The contention of counsel there was: "If the court imparts to the jury the statute regulating the speed of automobiles, it should then say to the jury: 'It is for you to determine whether or not the excess rate of speed, if you find it was in excess of that fixed by statute, contributed to the injury, under all the facts and circumstances of the case.' " This did not challenge the correctness of the instruction as to negligence, and the criticism as made was held to be fully answered by the concluding part of the instruction, whereby the jury were told that it was for them "to determine the degree or amount of such negligence under these instructions, in view of all the facts and circumstances and other acts of negligence, if any, proved at the trial, and to determine whether such negligence was the proximate cause of, or contributed to the accident."

In *Dorrance v. Omaha & C. B. Street R. Co.,* 105 Neb. 196, the rule is again stated and an instruction approved telling the jury: "You are at liberty to take any such vi-

olation (of ordinance or statute) into consideration, along with all the other evidence in the case, in determining whether or not the party so violating the same was chargeable with negligence in and about the accident." And in *Taylor v. Koukal*, 107 Neb. 409, it was held that an instruction which informs the jury without qualification, that a failure to comply with an ordinance requiring lights to be exhibited on motor vehicles between certain hours, in itself, constitutes negligence, is erroneous. See, also, *Thomas v. Rasmussen*, 106 Neb. 442.

Counsel for appellee state that they have no complaint of the doctrine announced in these cases, but insist that they go no further than to say that an instruction is erroneous only when it tells the jury, *without qualification*, that the violation of an ordinance is negligence; and contend that the proper qualification was present in the instruction under consideration in the words, "such fact would constitute negligence upon the part of the defendant, '*the degree of which and the effect of which will be for you to determine under the evidence and these instructions.*'" The difficulty with this proposition is that the court deprives the jury of consideration of the question whether or not the act proved was in fact negligence, and leaves to them to determine only the degree or effect of such negligence. The court did not permit the jury to determine whether or not driving on the wrong side of the road, or failure to display a light, were negligent acts, but closed the door as to the quality of the acts. There is a wide difference between the determination of the existence of a fact, and the degree or effect of it when the fact is established. Instruction No. 7 did not contain the clause claimed as a qualification.

Defendant calls attention to the case of *Northrup v. Nystrom*, No. 25656, in which an instruction substantially in the language of No. 6 in the present case was sustained in an opinion by the supreme court commission No. 1 and approved by this court, the instruction having been given by the same district judge as in the present case. We will

not attempt to distinguish (if it can be distinguished) that case from the present one. It is only necessary to call to counsel's attention the provision of section 2, ch. 76, Laws, 1925, to the effect that "such proceedings (of the commission) shall not be published in the reports of the court or in any other reports and shall establish no precedent and be authority only in that particular case." While such decisions are entitled to great respect and generally announce correct principles of law, the legislature has denied them the force of precedents in other cases. It is to be very much regretted that the decision of the commission, which is composed of able men, learned in the law, should be found to run counter to the settled doctrine of the court and receive the approval of the latter. The probable explanation of the occurrence being the congested condition of the docket and the extraordinary burdens consequent thereon upon the court.

Counsel also cite *Whitlow v. Missouri P. R. Co.*, 94 Neb. 649, where the court instructed the jury that, if "the whistle was not sounded nor the bell rung, as required by the statute, and that the accident complained of was caused by the failure so to ring the bell or blow the whistle, and without any fault on the part of the plaintiff or his employee or servant who was at that time in charge of the property injured, then you should find for the plaintiff." In that case the precise question under consideration was not presented. The objection to the instruction was that it excluded from the consideration of the jury any and all other facts related to the case. But this contention was refuted, as held by the court, by the provision of the instruction that the accident occurred without any fault or negligence on the part of plaintiff or his employee or servant. Moreover, by the second syllabus the rule was announced substantially as herein given, as follows: "While the court may say what act or omission of a party is evidence of negligence, it is for the jury to say what conclusion such evidence warrants."

Instruction No. 6 above quoted was erroneous in that it

informed the jury that the act of defendant's servant in driving on the left-hand side of the road, whether the sole or contributing cause of the accident, was negligence *per se*. The same is true of instruction No. 7 and the latter portion of instruction No. 8. In both No. 6 and No. 7 the jury were instructed that the defendant was not liable simply and solely because his servant did not comply with the ordinances respectively concerned. This was a correct statement of the law, but is inconsistant with the other portions of the instructions to which our criticism is addressed.

One other assignment of error is necessary to be considered. By instruction No. 16 upon the measure of damages, the jury were told that they might consider "any physical or mental pain or anguish which the plaintiff has suffered because of his injuries, or any pain that he still suffers, or will probably suffer in the future." This was error in so far as it permitted the jury to allow damages for pain which the plaintiff will "probably suffer in the future." This language is too indefinite and conjectural. The only future pain and suffering which the jury is entitled to consider is such as the evidence shows with reasonable certainty he will experience. *Omaha & R. V. R. Co. v. Brady*, 39 Neb. 27; *Chicago, R. I. & P. R. Co. v. Mc-Dowell*, 66 Neb. 170.

We conclude that the disposition of the case by the commission was correct and that our former judgment should stand.

REVERSED.