RUTH M. JENSEN, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED NOVEMBER 27, 1934. No. 28971.

*Kennedy, Holland & De Lacy* and *E. J. Shoemaker,* for appellant.

*Frost, Hammes & Nimtz* and *Frederick L. Wolff, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

GOOD, J.

This cause is before us on rehearing. The former opinion is reported in 127 Neb. 599, reference to which is made for a more complete statement of the issues and facts than appears herein.

Plaintiff recovered a judgment for personal injuries alleged to have been sustained by reason of defendant's negligence in removing a trolley pole and leaving unfilled a hole into which plaintiff stepped and received injuries of which she complains. Defendant denied that it removed a pole and left unfilled a hole at the place where plaintiff was injured. From the judgment entered below, defendant has appealed.

The factual controversy is as to whether the hole into which plaintiff stepped was one from which defendant removed a pole.

Defendant contends that the evidence is insufficient to sustain a finding that the hole into which plaintiff stepped was one left by defendant from which it had

removed a trolley pole. In this view we cannot concur. Two witnesses, residing in the immediate vicinity of where the accident occurred, testified that defendant had removed a pole at the location of the hole, and one of such witnesses testified that the pole hole had been left unfilled until after plaintiff was injured. The hole in question was located in the parking space between the curb and the sidewalk and had existed for several years. Grass and weeds had grown up and about it so that it was not easily visible. Plaintiff, in crossing this space to enter an automobile, stepped into the hole and received the injuries complained of. Defendant's evidence tended to prove that it had never had a pole at the location of the hole into which plaintiff stepped, thereby causing her injuries. This presented a conflict for the jury to resolve.

Defendant complains of the admission of rebuttal evidence as to the fact that at other places in the immediate vicinity defendant's trolley poles were placed at about the same distance from the street corner as was the hole in controversy. Defendant had introduced testimony and a plat showing the location of its trolley poles, indicating that they were set at a greater distance from the corner than was the hole in question. The rebuttal evidence tended to negative the evidence offered by defendant, and we think it was properly received.

Defendant complains of an instruction given by the court relative to the measure of damages to which plaintiff was entitled if recovery was awarded her. In the instruction it was said that if the jury found for plaintiff she should be awarded compensation for her pain and suffering endured "and that it is reasonably established will in all probability be endured by her as a result of her said injuries." The rule applicable to future pain and suffering has been considered on several occasions by this court.

In *Chicago, R. I. & P. R. Co. v. McDowell*, 66 Neb.

170, it was held: "In an action for personal injuries compensation can be recovered for only such future damages as are shown with reasonable certainty to be consequent thereon."

In *Burkamp v. Roberts Sanitary Dairy,* 117 Neb. 60, a similar instruction to the one given was held to be erroneous. In that case it was said (p. 66): "This was error in so far as it permitted the jury to allow damages for pain which the plaintiff will 'probably suffer in the future.'"

The instruction complained of was prejudicially erroneous in that it permitted the jury to award damages for future pain and suffering which may not have been proved with reasonable certainty.

Complaint is made that the verdict is excessive. Since the judgment must be reversed for the erroneous instruction given, it is unnecessary to consider this and other assignments, since they are not likely to occur on a new trial.

For the reasons given, the judgment is reversed and the cause remanded for a new trial.

REVERSED.