Robert D. **WELLSHEAR** and Robert C. Wellshear, Appellants,

v.

Jean C. **BROWN**, Special Administratrix of the Estate of Floyd W. Brown, Deceased; Patterson Parchment Paper Company, a Corporation; and Fireman's Fund Indemnity Company, a Corporation, Appellees.

No. 15441.

United States Court of Appeals Eighth Circuit.

April 11, 1956.

L. J. Tierney, Omaha, Neb. (Kennedy, Holland, DeLacy & Svoboda and Cassem, Tierney, Adams, Kennedy & Henatsch, Omaha, Neb., on the brief), for appellants.

John T. Grant and Tyler B. Gaines, Omaha, Neb. (Gaines, Spittler & Gaines and Schrempp & Lathrop, Omaha, Neb., on the brief), for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by Jean C. Brown, special administratrix of the estate of Floyd W. Brown, deceased, to recover damages for the alleged wrongful death of her husband, Floyd W. Brown. The action was brought on behalf of the plaintiff administratrix and two minor children, being respectively the surviving widow and children of decedent. The accident resulting in the death of plaintiff's intestate occurred April 24, 1953, at approximately 7:30 p.m., on a straight stretch of public highway designated as

U. S. Highway No. 6, located approximately five miles south of the city of Gretna, Nebraska, and on a portion of that highway running north and south. Plaintiff's intestate was driving a Studebaker automobile in a northerly direction. It collided with a Buick automobile owned by defendant Robert C. Wellshear and driven by his son and defendant Robert D. Wellshear, which was proceeding in a southerly direction. The collision is described in the record as a head-on collision. It was alleged in the complaint and admitted by the answer that the defendant Robert D. Wellshear was at the time of the accident operating the automobile as the agent of his father and within the family purpose. Defendants were charged with negligence in the operation of their automobile in that they failed to keep a proper lookout, failed to keep their automobile under proper control, failed to stop to avoid the collision, failed to stay on their own side of the highway, failed to yield the right-of-way to deceased, and that they were operating their automobile at an excessive rate of speed.

Defendants denied all charges of negligence and pleaded that the accident was caused solely by the negligence of plaintiff's decedent, whose negligence was more than slight.

The highway on which this accident happened had a hard surface twenty feet in width. The highway was gently rising from the south to the north. Plaintiff's intestate was going on a slight upgrade at a speed estimated at about sixty to sixty-five miles per hour. His headlights were lighted. The defendants' car coming from the north at an estimated speed of fifty-five miles per hour passed the crest of the hill and crashed into the Studebaker car at a point some one hundred fifty feet south of the crest of the hill. After the accident both cars came to rest completely off the east side of the hard surfaced portion of the highway.

At the close of all the testimony defendants moved for a directed verdict on the ground that plaintiff had failed to prove that defendants were guilty of any negligence proximately causing the accident and that the evidence proved that the plaintiff's intestate was guilty of negligence proximately causing the accident, which negligence was more than slight. The motion was denied and the case submitted to the jury on instructions to which no exceptions are here urged. The jury returned a verdict in favor of plaintiff on all the issues and assessed her damages at $14,667.27. From the judgment entered on this verdict defendants have appealed. The sole issue raised on the appeal is the sufficiency of the evidence to sustain the verdict which was raised by their motion for directed verdict.

In considering this question we must view the evidence in a light most favorable to the plaintiff, who was the prevailing party. We must assume that all conflicts in the evidence were resolved by the jury in favor of the plaintiff and she was entitled to all favorable inferences and conclusions that might reasonably be drawn from the facts proven. If, when so considered, reasonable men might reach different conclusions then the case presented issues of fact for submission to the jury, rather than issues of law to be decided by the court. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Brinegar v. Green, 8 Cir., 117 F.2d 316.

The evidence was without dispute that the defendants, just prior to colliding with the Studebaker car, turned abruptly to the left. Just at what point on the highway the actual collision occurred is somewhat doubtful and we think not of the utmost importance. One of the defendants stated that it occurred on the east shoulder of the road and the jury could have so found. The jury could have found on the testimony that decedent was driving the Studebaker car north and that as it approached the point of the accident the car extended over the center lane into the west lane a distance of from one to two feet but that it made no definite turn toward the left. If the car extended over the center line one foot

there remained on the west lane a space of nine feet of hard surface, and if the car extended over the center line two feet there still remained on the west lane a space of eight feet of hard surface. In addition to this the evidence warranted the jury in finding that there was a shoulder adjoining the west lane on the west side extending from four to six feet. The jury might well have believed therefore that as the defendants came over the brow of the hill their car could have been driven on the hard surface past the Studebaker car coming north without any danger of collision. Section 39–748, R.R.S.Nebraska 1943, provides as follows:

"Meeting and passing. Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one half of the main traveled portion of the roadway as nearly as possible."

Instead of passing to the right in conformity with this statute, however, defendants abruptly turned their car to the left, which the jury might well have believed must inevitably result in a collision. The jury could reasonably have believed from the evidence that the defendants, faced with an open and safe highway immediately ahead of them and in their own lane, turned to the left. Having found for the plaintiff on all the issues we may assume that the jury believed that a reasonably prudent person would not under similar circumstances have so done and that the driver of this car was guilty of negligence.

However, the defendants urge that the driver was suddenly confronted with an emergency and for that reason was excused from exercising mature judgment. As to this contention the court instructed the jury that:

"* * * where the operator of a motor vehicle, by a sudden emergency not due to his own negligence, is placed in a position of imminent danger and has insufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required under ordinary circumstances where more time for reflection and judgment exists and, if he pursues a course of action to avoid an accident, such as a person of ordinary prudence placed in a like position might choose, he is not guilty of negligence, even though he did not attempt that which later appears to have been the wisest choice. So if you find that either plaintiff's decedent, or defendant, was suddenly confronted with an emergency not due to his own negligence, you will then consider the foregoing rule and determine whether under the conditions existing, he used ordinary care."

[4] The jury by its verdict must have found either that there was no emergency or that the emergency was due to defendants' own negligence. If there was any emergency confronting the driver of defendants' car we must assume, in view of the verdict of the jury, that it was one created by himself. However, we do not think he was confronted by an emergency. The Studebaker car was in plain view from the time the defendants' car reached the brow of the hill and the open highway directly ahead of them was also in plain view. The driver of defendants' car had a perfectly safe way which did not require him to swerve either to the right or to the left and in these circumstances he turned to the left with the inevitable result of crashing into the approaching car.

It is finally urged that plaintiff's decedent was guilty of such contributory negligence as to preclude recovery because, in violation of Section 39–746, R. R.S.Nebraska 1943, his car had passed over the center line of the highway a distance of from one to two feet. This, however, was not proof of negligence as a matter of law (see Burkamp v. Roberts Sanitary Dairy, 117 Neb. 60, 219 N.W. 805) and the jury found under the instructions of the court that the negli-

gence of plaintiff's intestate, if any, was slight as compared with the negligence of defendants.

The judgment appealed from is therefore affirmed.